UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RADLEY BRADFORD, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>NAV TECHNOLOGIES, INC.,<br><br>    Defendant. | Case No. 4:23-cv-01200 |

## COMPLAINT

**NOW COMES** RADLEY BRADFORD ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through his counsel, complaining of NAV TECHNOLOGIES, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this class action seeking redress for Defendant's violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

2. "Congress made it clear that the FCRA is designed to preserve the consumer's privacy in the information maintained by consumer reporting agencies." *Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 725 (7th Cir. 2004) *citing* 15 U.S.C. § 1681(a)(4).

### JURISDICTION AND VENUE

3. The Court has federal question jurisdiction as the FCRA is a federal statute.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

1

## PARTIES

5. Plaintiff is a natural person who at all times relevant resided in Houston, Texas.

6. Defendant is a limited liability company that specializes in providing financial services to businesses, including loans, credit cards, and banking services.

7. Defendant maintains its principal place of business in Draper, Utah.

## FACTUAL ALLEGATIONS

8. Prior to the events that give rise to Plaintiff's claims, Plaintiff utilized Defendant's financial services.

9. In November 2021, Plaintiff terminated his relationship with Defendant.

10. On March 11, 2023, Plaintiff received an alert form his credit monitoring service stating that Defendant accessed Plaintiff's Experian credit report on March 10, 2023.

11. Soon thereafter, Plaintiff received another alert from his credit monitoring service stating that Defendant accessed his Experian credit report again on March 12, 2023.

12. In light of the fact that Plaintiff did not have a current relationship with Defendant, Defendant's access of Experian's credit report led Plaintiff to suspect that he may be an identity theft victim and that an unknown individual is attempting to take a loan out in Plaintiff's name.

13. Concerned with the suspicious activity, Plaintiff pulled his Experian credit report.

14. Plaintiff's Experian credit report reflected that Defendant accessed Plaintiff's Experian credit report on March 10, 2023 and March 12, 2023.

15. Troubled by Defendant's credit inquiries, Plaintiff called Defendant and spoke with a representative regarding Defendant's credit inquiries.

16. During the call, Defendant's representative (1) confirmed that Plaintiff's account with Defendant was closed in 2021; (2) informed Plaintiff that Defendant did not access Plaintiff's

Experian credit report on March 10, 2023 and March 12, 2023; and (3) advised Plaintiff that he should take the issue up with Experian.

17. At no point in time after Plaintiff terminated his relationship with Defendant in November 2021 did Plaintiff (1) authorize Defendant to access his Experian credit report; or (2) apply for any financial services from Defendant.

18. Accordingly, Defendant accessed Plaintiff's Experian credit report without the knowledge or consent of Plaintiff and without permissible purpose enumerated in the FCRA.

19. Defendant obtained sensitive and personal information concerning Plaintiff without Plaintiff's authorization and under false pretenses.

20. Upon information and belief, Defendant induced Experian into releasing Plaintiff's credit report to Defendant by falsely representing to Experian that (1) Plaintiff applied for a loan or credit from Defendant; (2) Plaintiff had a current business relationship with Defendant; or (3) Defendant will be making a firm offer of credit to Plaintiff.

21. At all times relevant, Defendant did not have a legitimate or lawful need for Plaintiff's credit information.

22. At all times relevant, Plaintiff was opted out from receiving prescreened offers of credit and insurance.

23. At all times relevant, Plaintiff did not receive a firm offer of credit from Defendant.

## DAMAGES

24. Identity theft has and continues to plague our nation.

25. Reversing the severe damage caused by identity theft can take months if not years.

26. Accordingly, privacy protections are more critical today than ever before.

27. Defendant's conduct caused Plaintiff anxiety, distress, mental anguish, and reasonably led Plaintiff to fear that he may be a victim of identity theft as Plaintiff did not authorize Defendant's credit inquiries.

28. Defendant's unauthorized access of Plaintiff's credit reports was highly intrusive and invaded Plaintiff's privacy.

29. Alarmed by Defendant's intrusive conduct, Plaintiff retained counsel to protect his privacy and vindicate his privacy rights.

## CLASS ALLEGATIONS

30. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

31. Upon information and belief, Defendant systematically accesses consumers' credit reports by falsely representing to the credit reporting agencies that consumers are seeking loans or credit from Defendant or that Defendant will be making firm offers of credit to consumers.

32. Defendant's systematic practice of accessing consumers' credit reports without a permissible purpose prescribed by the FCRA constitutes a willful and malicious violation(s) of 15 U.S.C. § 1681b(f).

33. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All individuals within the United States (1) that had their consumer credit report(s) obtained by Defendant; (2) within the five (5) years preceding the date of the original complaint through the date of class certification; (3) from Experian; (4) that were not existing customers of Defendant; (5) that did not apply for a loan or credit from Defendant; and (6) that did not receive a firm offer of credit from Defendant.

34. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or

their parents have a controlling interest and their current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

### A. Numerosity

35. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

36. The exact number of the members of the Putative Class is unknown to Plaintiff at this time and can only be determined through targeted discovery.

37. The members of the Putative Class are ascertainable because the class is defined by reference to objective criteria.

38. The members of the Punitive Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

### B. Commonality and Predominance

39. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

40. Those questions predominate over any questions that may affect individual members of the Putative Class.

### C. Typicality

41. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative class are entitled to damages as result of Defendant's conduct.

### D. Superiority and Manageability

42. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

43. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

44. By contrast, a class action provides benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

45. Economies of effort and time will be fostered and uniformity of decisions ensured.

**E.     Adequate Representation**

46. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

47. Plaintiff has no interest antagonistic to the Putative Class and Defendant has no defenses unique to Plaintiff

48. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### Count I:
### Defendant's violation(s) of 15 U.S.C. § 1681b(f)
### (On behalf of Plaintiff and the Members of the Putative Class)

49. All paragraphs of this Complaint are expressly adopted and incorporated herein as through fully set forth herein.

50. Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(c) and (b)

51. Defendant is a "person" as defined by 15 U.S.C. § 1681a(b).

52. Defendant is a "furnisher of information" as defined by 15 U.S.C. § 1681s-2.

53. Defendant is a "financial institution" as defined by 15 U.S.C. § 1681a(t).

54. Plaintiff's Experian credit report that Defendant accessed without a permissible purpose is a "consumer report" as defined by 15 U.S.C. § 1681a(d)(1).

55. Defendant violated 15 U.S.C. § 1681b(f) by obtaining Plaintiff's Experian credit report without Plaintiff's authorization and without a permissible purpose enumerated in the FCRA.

56. As stated above, Plaintiff terminated his relationship with Defendant in November 2021 and did not commence a new relationship thereafter.

57. As stated above, at all times relevant Plaintiff was opted out from receiving prescreening offers of credit and insurance.

58. Moreover, Plaintiff did not receive a firm offer of credit from Defendant after Defendant accessed his Experian credit report.

59. Defendant willfully and maliciously violated 15 U.S.C. § 1681b(f) when it accessed Plaintiff's Experian credit report without a permissible purpose under the FCRA.

60. In the alternative, Defendant negligently violated 15 U.S.C. § 1681b(f) by accessing Plaintiff's Experian credit report without a permissible purpose under the FCRA.

61. As described above, Plaintiff was harmed by Defendant's conduct.

62. Upon information and belief, Defendant knowingly and systematically obtains consumer credit reports without a permissible purpose prescribed by the FCRA.

63. Upon information and belief, Defendant does not maintain policies and procedures to protect consumers' privacy interests and prevent the unlawful access of consumers' credit reports.

64. Due to Defendant's unlawful conduct, Plaintiff and the Putative Class are entitled to actual damages, statutory damages, and punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

a. An order granting certification of the Proposed Class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned counsel as Class Counsel;

b. An order declaring that the practices complained of herein are unlawful and violate the Fair Credit Reporting Act;

c. An order enjoining Defendant from accessing consumers' credit reports without a permissible purpose;

d. An award of actual damages to Plaintiff and the Putative Class to be determined by the jury;

e. An award of $1,000 in statutory damages to Plaintiff and the Putative Class members;

f. An award of punitive damages to Plaintiff and the Putative Class members in an amount to be determined by the jury; and

g. An award of attorney's fees and costs.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: March 31, 2023

Respectfully submitted,

**RADLEY BRADFORD**

By: */s/ Mohammed O. Badwan*
Mohammed O. Badwan
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone: (630) 575-8180
mbadwan@sulaimanlaw.com
*Counsel for Plaintiff*